[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13963
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

Agency No. A099-826-143

ANA MIRIAM GUEVARA-ACOSTA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 5, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ana Miriam Guevara-Acosta, a native and citizen of El Salvador, through counsel, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") order finding her removable and

denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). On appeal, Guevara-Acosta argues that the BIA erred in finding that young, single, working females do not constitute a particular social group under the INA for asylum and withholding of removal purposes and that she qualified for CAT relief. After careful review, we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA adopted the IJ's factual findings and then issued its own opinion, we review the IJ's factual findings and the BIA's decision.

We review questions of law de novo, with appropriate deference to the BIA's reasonable interpretation of the INA. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1326 (11th Cir. 2003). We follow the BIA's interpretation of what constitutes a particular social group under the INA unless the interpretation is unreasonable, arbitrary, capricious, or clearly contrary to law. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196 (11th Cir. 2006). We review the BIA's factual determinations under the substantial evidence test. Forgue v. U.S. Att'y

Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under this highly deferential test, we affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted).

First, we reject Guevara-Acosta's argument that the BIA erred in finding that young, single, working females do not constitute a particular social group under the INA for asylum and withholding of removal purposes. To qualify for asylum or withholding of removal, the petitioner must establish that she is unable or unwilling to return to her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A). Pursuant to the BIA, a group may qualify as a "particular social group" under the INA if the group has both immutability and social visibility. See Castillo-Arias, 446 F.3d at 1193, 1196. In Castillo-Arias, we held that the BIA's legal definition of what constitutes a particular social group was reasonable and "neither arbitrary, capricious, nor clearly contrary to law." Id. at 1196.

As for immutability, a "particular social group" must have a "common, immutable characteristic . . . [that] is fundamental to [its members'] individual identities or consciences." Id. (citing Matter of Acosta, 19 I. & N. Dec. 211, 233-34 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N.

3

Dec. 439, 447 (BIA 1987)). Examples of a common, immutable characteristic include sex, color, kinship ties, or in certain circumstances "a shared past experience such as former military leadership or land ownership." Id. at 1193. The common characteristic must be something other than the risk of being persecuted. See id. at 1198.

As for social visibility, the fact that "a characteristic or association is shared by a large number of people does not mean that either society at large, let alone other members within that same group, will recognize that characteristic or association." Id. In Castillo-Arias, we concluded that non-criminal informants working against a Colombian drug cartel were not a particular social group under the INA because they were not socially visible, the group was too numerous and inchoate, and their defining attribute was their persecution by their cartel once their identities were revealed. Id. at 1197-98. We emphasized that a "particular social group" should not be the "'catch all' for all persons alleging persecution who do not fit elsewhere." Id. at 1198.

Here, the BIA's interpretation that young, single, working females do not constitute a particular social group under the INA is reasonable because the group lacks social visibility.[1] There is no evidence in the record that Guevara-Acosta was

[1] Moreover, Guevara-Acosta's argument that the social visibility test is arbitrary and capricious fails because we have previously held that the test is both reasonable and neither arbitrary nor capricious. See Castillo-Arias, 446 F.3d at 1196.

part of an identifiable group of young, single, working women who were harassed by gangs. Instead, the evidence demonstrates that the gangs equally robbed and harassed males, females, young, old, married, or single. Because Guevara-Acosta has not demonstrated past or future persecution based on a statutorily protected group, she is not entitled to asylum or withholding of removal.[2]

We likewise reject Guevara-Acosta's claim for CAT relief. To be entitled to relief under CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

---

[2] Additionally, Guevara-Acosta has failed to offer any argument for asylum and withholding based on political opinion. Although Guevara-Acosta mentions the term "political opinion" in her opening brief and implies that her political opinion is her belief in family, she does not argue how that belief constitutes a "political opinion" or how she was persecuted because of it. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (holding that the petitioner must establish the that persecutors persecuted him or will persecute him because of that political opinion). Thus, she has failed to offer argument on the issue had has abandoned that issue on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Substantial evidence supports the IJ's and BIA's finding that Guevara-Acosta is not entitled to CAT relief because she has not established that it is more likely than not that she would be tortured by or with the acquiescence of the government upon her return to El Salvador. Indeed, there is no evidence in the record that Guevara-Acosta had every been physically or mentally abused by the gangs. Moreover, according to the Country Report, although there is widespread gang-related violence in El Salvador, that country's government generally tries to protect human rights. Accordingly, we deny the petition for review.

**PETITION DENIED.**